* * * WRIT MADE PEREMPTORY * * *
The State requests that we grant a writ and reverse the trial court’s judgment setting aside the forfeiture of defendant’s appearance bond.
Defendant, who was charged with simple burglary of an inhabited dwelling, was released on a personal surety bond. His trial began March 30, 1983 and was recessed until April 5, 1983. Defendant failed to appear for the remainder of his trial and, after a hearing, his bond was forfeited on April 11, 1983.
Defendant was arrested on April 26,1983 in Arizona, where he is incarcerated and a detainer has been filed. Defendant’s attorney filed a Motion to Set Aside Bond Forfeiture which was heard and granted on May 20, 1983. The State now challenges the judgment setting aside the forfeiture.
The procedure for forfeiting criminal bonds is in LSA-R.S. 15:85 which provides: the forfeiture of a bond secured by a personal surety may be ordered by the trial court upon motion of the district attorney when a defendant fails to appear in court at a fixed time, providing the defendant and the surety have adequate notice. However, a bond may not be forfeited where it is shown to the court’s satisfaction that the defendant could not appear because he was detained in a penitentiary or jail in another jurisdiction. LSA-R.S. 15:87. If the court, unaware of such circumstances, forfeits a bond a personal surety may, within six months of the notice of forfeiture, submit proof of the defendant’s incarceration at the time he failed to appear and have the forfeiture set aside.
In this case, however, the defendant was not incarcerated elsewhere on April 5,1983, *594 the date his trial was scheduled in New Orleans; therefore, his case does not fall within the exemptions from forfeiture in R.S. 15:87. The only other grounds for setting aside a bond forfeiture are those delineated in LSA-R.S. 15:85(B)(3), which provides for annulment of a bond forfeiture: “... at any time within six months after mailing of notice ... upon the surrender or the appearance and trial and conviction or acquittal of the defendant, or upon a continuance granted upon motion of the district attorney after such appearance.”
This defendant has not surrendered himself; nor has he appeared, gone to trial, and been convicted or acquitted; nor has he appeared and the district attorney requested a continuance.
As none of the required circumstances for setting aside a bond forfeiture are present, such rescission was error. Accordingly, this writ is made peremptory; the judgment of the trial court setting aside the bond forfeiture is annulled and set aside and the original judgment forfeiting defendant’s surety bond is reinstated.