BARRY, Judge.
The defendant was charged with theft of goods valued under $100. La.R.S. 14:67.10. Prior to arraignment his bond was set at $4,000 and on February 18, 1991 National American Insurance Company issued a commercial surety bond. The defendant failed to appear for arraignment on May 23, 1991 and a $10,000 alias capias for his arrest was issued. After a hearing the defendant’s bond was forfeited on June 27, 1991. The record contains an Affidavit of Bond Forfeiture Notification certifying that notice was sent to National American on July 2, 1991. According to the docket master, on July 10, 1991 an affidavit of bond forfeiture notification and the certified mail receipt from National American was filed.
The docket master shows that on August 20, 1991 a motion to rescind the bond forfeiture was filed and set for hearing on August 22, 1991.[1] The docket master and minute entry reflect that the motion to rescind was dismissed on August 22, 1991 when National American Insurance Company failed to appear. That same day the defendant was present in court for a motion hearing. There is no indication that the defendant was arrested or detained pursuant to the outstanding capias. He evidently was allowed to leave the courtroom.
On January 9, 1992 National American made an oral motion to rescind the forfeiture and a written motion was filed February 6, 1992. At a hearing on March 19, 1992 the trial court granted the motion. The minute entry states: “Court rules that State should have arrested Defendant while he was in court. Bond Forfeiture is set aside....”
On March 23, 1992 the State gave notice that it would apply for writs and was granted until April 19, 1992 to apply. On March 24, 1992 the State filed a motion for appeal with a return date of April 19, 1992.
The State argues:
1. The surrender of the defendant under La.C.Cr.P. art. 338 was not satisfied by the defendant’s appearance in court;
2. The surety is precluded from raising the issue of surrender as a grounds to extinguish its obligation because that defense should have been raised within the sixty day appeal delay under La.R.S. 15:85.
*783 At the hearing on the motion to rescind, National American argued that its motion to rescind was set for August 22, 1991 and according to the minute entry the defendant was in court that day. Therefore, National American fulfilled its responsibility. The State conceded that the defendant was in court but National American was not present and the defendant was not taken into custody and properly surrendered. National American noted that a capias was issued on June 27,1991 and that the defendant was in a Jefferson Parish jail as of January 9,1992. The court concluded that it was the State’s obligation to move for the defendant’s arrest based on the outstanding capias. The court stated:
I’m going to rule on this case since there was an outstanding capias on the defendant that through the silence of the State that they permitted the defendant not to be properly arrested, and they permitted him to walk out of the courtroom. They should have moved at that time for the defendant to be arrested. This was only two months after the bond was forfeited. The bond forfeiture is set aside.
LAW AND ANALYSIS
La.C.Cr.P. Art. 338 provides in pertinent part:
A. A surety may surrender the defendant or the defendant may surrender himself, to the officer charged with his detention, at any time prior to forfeiture or within the time allowed by law for setting aside a judgment of forfeiture of the bail bond. Upon surrender of the defendant, the officer shall detain the defendant in his custody as upon the original commitment and shall acknowledge the surrender by a certificate signed by him and delivered to the surety. Thereafter, the surety shall not be responsible for the defendant.
B. If the defendant is surrendered to the officer charged with his detention at any time prior to forfeiture or within the time allowed by law for setting aside a judgment of forfeiture of the bail bond by a person other than the surety or the defendant, the surety may apply for and receive from the officer charged with the detention of the defendant a letter verifying that the defendant is incarcerated, but only after the surety verifies to the satisfaction of the officer' charged with the detention of the defendant as to the identity of the defendant. Thereafter, the surety shall not be responsible for the defendant.
C.When a surety receives either a certificate of surrender provided for in Subsection (A) or a letter of verification as provided for in Subsection (B), the surety shall pay a fee of twenty-five dollars to the officer charged with the defendant’s detention for recalling the capias, accepting the surrender or verifying the incarceration, processing the paperwork, and giving the surety a certificate of surrender or a letter of verification of incarceration releasing him from his obligation under the defendant’s bond.
La.R.S. 15:85 provides in pertinent part:
A. All bonds taken to secure the appearance of any person before any district court executed by a surety company authorized to do business in the state of Louisiana or an agent of such a company, except at a preliminary examination, shall be forfeited and collected as follows:
(l)(a) If at the time fixed for appearance such person fails to appear and answer when called, the judge, on motion of the district attorney, upon hearing of proper evidence, including notice or attempted notice to the defendant and the surety, if such is required by Code of Criminal Procedure Art. 337, shall forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof. After entering the fact of such failure to appear in the court minutes, the clerk of court shall promptly mail notice of the forfeiture, which shall include the power of attorney number used to execute the bond, to the surety on the bond whose address is on the face thereof and shall execute an affidavit of the mailing, and place it in the record. A copy of the notice also *784 shall be mailed to the agent of the surety who posted the bond. Mailing the notice to the agent alone shall not constitute compliance with this Section. Failure to mail the proper notice within six months after the entry of the forfeiture shall release the surety from all obligations under the bond.
(b) ‘Notice to the defendant/ for purposes of this Section, shall be made by first class mail, postage prepaid, to the address provided by the defendant under his bond obligation, or by personal or domiciliary service on the defendant, and by certified mail, return receipt requested, to the defendant’s surety.
(2)(a) If within twenty-four hours after the rendition, under the provisions of this Section, of any judgment forfeiting any appearance bond, the judgment has not been paid, the district attorney shall cause the judgment to be recorded, and may, at any time, cause it to be recorded in every parish in which he thinks the recordation proper, and every such recor-dation shall be without cost and shall operate as a judicial mortgage against both the principal and his sureties. If the judgment has not been paid within six months of mailing of proper notice hereunder, the district attorney shall cause to issue a fieri facias against both the principal and his sureties. A sixty-day period from mailing of proper notice herein constitutes an appeal delay and failure to assert a defense to the forfeiture and collection of the bond within this period waives any defense to the forfeiture and collection of the bond as set forth in this Section. The provisions of this Paragraph shall not be construed to adversely affect any rights granted in Paragraph (3) of this Subsection, or R.S. 15:87.
(b) In addition, the court may provide by court rule for the filing of an offset claim against the principal with the secretary of the Department of Revenue and Taxation, in accordance with R.S. 47:299.1 through 299.19.
(3) Any judgment forfeiting an appearance bond rendered under the provisions of this Section shall, at any time within six months after mailing of notice, be set aside upon the surrender or the appearance of the defendant.
La.C.Cr.P. art. 338 A provides that a defendant may surrender to the officer charged with his detention prior to forfeiture or within six months after the judgment of forfeiture, pursuant to La.R.S. 15:85 A(3). When a defendant surrenders himself the detention officer acknowledges the surrender by a certificate signed by him and given to the surety. The defendant did not surrender to the officer charged with his detention as required by La.C.Cr.P. art. 338 A. See State v. Wheeler, 508 So.2d 1384 (La.1987). He appeared in court (as required) and was not taken into custody.
There is no showing that the defendant surrendered pursuant to La.C.Cr.P. art. 338 or that National American complied with art. 338. National American’s motion to rescind was dismissed because it was not present in court. However, the defendant did personally appear in court within six months after the mailing of notice of bond forfeiture, La.R.S. 15:85 A(3). See State v. Bertram, 438 So.2d 593 (La.App. 4th Cir.1983).
The trial court properly ruled that the State was obligated to have the defendant arrested when he voluntarily appeared in court within the six month period. Although there was no technical surrender pursuant to La.C.Cr.P. art. 338 A, the defendant’s appearance satisfied that requirement.
The judgment is affirmed.
AFFIRMED.
SCHOTT, C.J., concurs and files opinion.

. Although the docket master notes two written and one oral motion to rescind, the appellate record contains one motion to rescind.